O

# United States District Court
# Central District of California

| | |
|---|---|
| MARY LOU VEGA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN FINANCIAL CORPORATION; OCWEN LOAN SERVICING, LLC,<br><br>　　　　　　　Defendants, | Case No. 2:14-cv-04408-ODW(PLAx)<br><br>**ORDER DENYING DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION FOR ASSIGNMENT [22]** |

　　　　Before the Court is Defendant Ocwen Loan Servicing, LLC's Motion for Assignment Pursuant to General Order 14-03 and Local Rule 83-1.2.2. (ECF No. 22.) In the Motion, Ocwen seeks reassignment of this action because it is identical—or at least nearly identical—to a previous action before a different judge in the Central District of California.

　　　　According to Ocwen, Plaintiff Mary Lou Vega failed to identify on the civil cover sheet that the present case is the same case as *Vega v. Ocwen Financial Corporation*, No. 13-cv-09445-JFW(RZx) ("*Vega I*"). *Vega I* was voluntarily dismissed without prejudice on January 16, 2014. Identifying the case as identical would have triggered the automatic assignment of the present case to the same judge that was assigned to *Vega I*. *See* L.R. 83-1.2.2. Instead, in filing the present case,

Vega only identified *Vega I* as related.  (*See* ECF No. 2.)  That designation led to the preparation of a discretionary related-case transfer, which Judge John Walter declined.  (ECF No. 13.)

Ocwen argues that the failure to identify this case as identical to *Vega I* has permitted Vega to engage in "judge shopping."  But Vega opposes the instant Motion, arguing that this case is not identical to *Vega I*, because there are additional allegations and an additional claim.  Moreover, Vega contends that Ocwen is actually "judge shopping" by filing this Motion.  The Court finds that both parties' arguments miss the mark.

The cases—*Vega I* and this action—may be identical.  They may not.  The Court need not reach that decision.  The purpose of Local Rules 83-1.2.2 (Duty on Refiling Actions) and 83-1.3 (Notice of Related Cases) is to avoid duplication of efforts *by the Court*.  There is no danger of wasting judicial resources here, because *Vega I* was voluntarily dismissed less than a month after it was filed.  Moreover, while Vega may have erred in not identifying this case as a refiling of *Vega I*, Judge Walter reviewed the action and declined to accept the case transfer.  This Court sees no reason to retread those waters and alter that decision.  The Court is well aware of the effect and consequences of a prior dismissal of the same claim, and will adjudicate any issues that may arise as a result of the voluntary dismissal of *Vega I*.  *See* Fed. R. Civ. P. 41(a)(1)(B).

For the reasons discussed above, the Court **DENIES** Ocwen's Motion for Assignment.  (ECF No. 22.)

**IT IS SO ORDERED.**

September 8, 2014

_____
**OTIS D. WRIGHT, II**
UNITED STATES DISTRICT JUDGE