NOTE: CHANGES MADE BY THE COURT

Daniel Alberstone (SBN 105275)
dalberstone@baronbudd.com
Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Mark Pifko (SBN 228412)
mpifko@baronbudd.com
Michael Isaac Miller (SBN 266459)
imiller@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone:   (818) 839-2333
Facsimile:   (818) 986-9698

*Additional Counsel Identified Below*

Attorneys for Plaintiff
MARY LOU VEGA, individually, and on
behalf of other members of the general
public similarly situated

Elizabeth L. McKeen (SBN 105275)
emckeen@omm.com
Catalina Vergara (SBN 223775)
cvergara@omm.com
Ashley M. Pavel (SBN 267514)
apavel@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660-6429
Telephone:   (949) 823-6900
Facsimile:   (949) 823-6994

Attorneys for Defendants
OCWEN FINANCIAL
CORPORATION and OCWEN LOAN
SERVICING, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MARY LOU VEGA, individually, and
on behalf of other members of the
public similarly situated,
                    Plaintiff,

          vs.

OCWEN FINANCIAL
CORPORATION, a Florida
corporation and OCWEN LOAN
SERVICING, LLC, a Delaware
limited liability company,

                    Defendants.

Case Number: 2:14-cv-04408-ODW-PLA

**CLASS ACTION**

**STIPULATION AND PROTECTIVE
ORDER**

1    WHEREAS it is anticipated that among the documents which may be
2    produced in connection with the potential litigation of this matter will be
3    information that is protected from disclosure by the privacy rights that attach to
4    trade secrets, and/or information otherwise properly regarded by one or more of the
5    parties as private, sensitive, proprietary, financial, and/or confidential;
6        IT IS THEREFORE STIPULATED, AGREED, AND JOINTLY
7    REQUESTED by Plaintiff Mary Lou Vega ("Plaintiff") and Defendants Ocwen
8    Financial Corporation and Ocwen Loan Servicing, LLC ("Defendants")
9    (collectively, the "Parties"), by and through their respective counsel, that a
10   protective order should be entered according to the following terms and provisions:

## DEFINITIONS

11

12   1.    "Challenging Party" means a Party that challenges the designation of
13   information or items under this Order.

14   2.    "Confidential Information" means information (i) which is produced to
15   a Party to the Matter pursuant to any discovery method allowed under statute, rule,
16   or case law; and (ii) which is designated as confidential pursuant to this Protective
17   Order.  Confidential Information shall include information that the Designating
18   Party reasonably and in good faith believes contains confidential, proprietary,
19   and/or private personal information subject to protection under Fed. R. Civ. P. 26(c)
20   and 15 U.S.C. § 6802, including, without limitation, business secrets, trade secrets,
21   confidential and/or proprietary business records information, competitively or
22   technically sensitive information, personal financial information, account
23   information, social security numbers or other nonpublic personally identifiable
24   information.  Confidential Information also includes (i) any information copied or
25   extracted from information designated Confidential; (ii) all copies, excerpts,
26   summaries, or compilations of Confidential Information; and (iii) any testimony,
27   conversations, or presentations by the Parties or their counsel that might reveal
28   Confidential Information.  Confidential Information shall not include any

1

[PROPOSED] PROTECTIVE ORDER

information (i) which is in the possession of the Receiving Party (as defined below), provided that the source of the information was not bound by a contractual, legal or fiduciary obligation of confidentiality, or which is publicly known or available prior to its production through discovery in the Matter; or (ii) which the Receiving Party obtains from a source other than the Producing Party (as defined below), provided that the source of the information was not bound by a contractual, legal or fiduciary obligation of confidentiality, or otherwise becomes publicly available, without any violation of this Protective Order by the Receiving Party.

3.     "Counsel" (without qualifier) means Outside Counsel of Record and House Counsel (as well as their support staff).

4.     "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

5.     "Disclosure" or "Discovery Material" means all items of information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Matter.

6.     "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation of this Matter who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Matter.

7.     "House Counsel" means attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

8.     "Matter" means *Mary Lou Vega et al. v. Ocwen Financial Corporation et al.*, currently pending in the Central District of California, Case No. 2:14-cv-04408-ODW-PLA.

9.     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Matter.

2

[PROPOSED] PROTECTIVE ORDER

10.    "Outside Counsel of Record" means attorneys who are not employees of a Party to this Matter but are retained to represent or advise a Party to this Matter and have appeared in this Matter on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or contract or temporary attorneys who have been retained, through an agency or directly, by a law firm which has appeared on behalf of a Party to this Matter.

11.    "Party" means any Party to this Matter, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12.    "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Matter.

13.    "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14.    "Protected Material" means any Disclosure or Discovery Material that is designated as Confidential.

15.    "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

## SCOPE

16.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## **DURATION**

17.    Even after final disposition of this Matter, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Matter, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Matter, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## **DESIGNATING PROTECTED MATERIAL**

18.    A Producing Party may designate as "Confidential" those materials, whether in written, oral, electronic, graphic, audiovisual, or any other form, which that Party in good faith believes contain Confidential Information.

19.    A Producing Party may designate materials produced or exchanged during discovery as "Confidential" by:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts or other pretrial or trial proceedings), legibly marking the legend "Confidential" on each page of such materials.  A Party or Non-Party who makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "Confidential" legend to each page that contains Protected Material.

[PROPOSED] PROTECTIVE ORDER

(b)     for testimony given in deposition or in other pretrial or trial proceedings, the Designating Party identifying all protected testimony, within 15 days of receipt of a transcript of the deposition, hearing, or other proceeding.

(c)     for Protected Material not reduced to hard copy, tangible, or physical form or that cannot be conveniently designated pursuant to this paragraph, informing the Receiving Party of the designation in writing, and/or in the load file or other similar database, table, or chart accompanying said production. To the extent the Receiving Party subsequently generates any permitted copies of this information, whether electronic or hard copy, it shall ensure that all such copies are clearly designated with the appropriate confidentiality designations.

(d)     for information produced in some form other than documentary and for any other tangible items, the Producing Party affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

20.     If a Party wishes to designate information or items produced by other Parties or non-parties under this Protective Order, the Party must, within a reasonable time of receiving such information or items, notify all other Parties in writing of the designation and describe the information or items at issue (e.g., by Bates number).  All other Parties shall then apply the appropriate legend to the information or items.

21.     The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.  Any such inadvertently or unintentionally disclosed Confidential

[PROPOSED] PROTECTIVE ORDER

Information not designated as such shall be so designated by giving written notice to all Parties, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosures.  Upon such notice, and receipt of substitute copies bearing the appropriate confidentiality legend, the Receiving Party shall return said documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries and notes thereof as Confidential Information.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

22.     Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation of this Matter, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

23.     The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of the written notice describing the basis for the challenge.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it

[PROPOSED] PROTECTIVE ORDER

1   has engaged in this meet-and-confer process first or establishes that the Designating

2   Party is unwilling to participate in the meet-and-confer process in a timely manner.

3        24.    If the Parties cannot resolve a challenge without court intervention, the

4   Challenging Party may submit the matter to the Court by filing a notice of motion

5   accompanied by a joint stipulation, as provided in Local Rule 37-2 (and in

6   compliance with Civil Local Rule 79-5, if applicable).  Each such motion must be

7   accompanied by a competent declaration affirming that the movant has complied

8   with the meet-and-confer requirements imposed in the preceding paragraph.  The

9   burden of persuasion in any such challenge proceeding shall be on the Designating

10  Party.

11       Frivolous challenges, and those made for an improper purpose (e.g., to harass

12  or impose unnecessary expenses and burdens on other parties), may expose the

13  Challenging Party to sanctions.  All Parties shall continue to afford the material in

14  question the level of protection to which it is entitled under the Producing Party's

15  designation until the court rules on the challenge.

16              **ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

17       25.    The Receiving Party shall use Confidential Information solely for the

18  purposes of prosecuting, defending, or attempting to settle this Matter.  Such

19  Confidential Information may be disclosed only to the categories of persons and

20  under the conditions described in this Protective Order.  When the litigation of this

21  Matter has been terminated, a Receiving Party must comply with the provisions of

22  paragraph 35 below (FINAL DISPOSITION).

23       Confidential Information must be stored and maintained by a Receiving Party

24  at a location and in a secure manner that ensure the access is limited to the persons

25  authorized under this Protective Order.

26       26.    Unless otherwise ordered by the court or permitted in writing by the

27  Designating Party, a Receiving Party may disclose any information or item

28  designated "CONFIDENTIAL" only to:

     (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the litigation of this Matter and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

     (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the litigation of this Matter and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     (c)    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this the litigation of this Matter and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     (d)    the court and its personnel;

     (e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the litigation of this Matter and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

     (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

     27.    Any person making, or causing to be made, copies of any Confidential Information shall make certain that each copy bears the legend "Confidential" on each page.

[PROPOSED] PROTECTIVE ORDER

## CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

28.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

29.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## A NON-PARTY'S CONFIDENTIAL INFORMATION SOUGHT TO BE PRODUCED IN THIS MATTER

30.    The terms of this Order are applicable to information produced by a Non-Party , or belonging to a Non-Party and produced by a Party, and designated as "Confidential."  Such information is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9                    [PROPOSED] PROTECTIVE ORDER

31.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Producing Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Protective Order in this Matter, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

32.     If the Non-Party fails to object or seek a protective order from this court preventing production of the information requested within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's Confidential Information responsive to the discovery request.   The Producing Party will designate such information as Confidential under this Order.  If the Non-Party timely seeks a protective order preventing production, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

33.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all

[PROPOSED] PROTECTIVE ORDER

the terms of this Order, and (d) request such person or persons to execute the
attached Exhibit A.

### INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

34.     When a Producing Party gives notice to Receiving Parties that certain
inadvertently produced material is subject to a claim of privilege or other
protection, the obligations of the Receiving Parties are those set forth in Federal
Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify
whatever procedure may be established in an e-discovery order that provides for
production without prior privilege review.  Pursuant to Federal Rule of Evidence
502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure
of a communication or information covered by the attorney-client privilege or work
product protection, the parties may incorporate their agreement in the Protective
Order submitted to the court.

### FINAL DISPOSITION

35.     Within 60 days after the final disposition of this Matter, as defined in
paragraph 17, each Receiving Party must, at its election, either return all Protected
Material to the Producing Party or destroy such material.  As used in this
subdivision, "all Protected Material" includes all copies, abstracts, compilations,
summaries, and any other format reproducing or capturing any of the Protected
Material.  Whether the Protected Material is returned or destroyed, the Receiving
Party must submit a written certification to the Producing Party (and, if not the
same person or entity, to the Designating Party) by the 60-day deadline that (1)
identifies (by category, where appropriate) all the Protected Material that was
returned or destroyed and (2) affirms that the Receiving Party has not retained any
copies, abstracts, compilations, summaries or any other format reproducing or
capturing any of the Protected Material.  Notwithstanding this provision, Counsel
are entitled to retain an archival copy of all pleadings, motion papers, trial,

[PROPOSED] PROTECTIVE ORDER

deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 17 (DURATION).

## **MISCELLANEOUS**

36.     Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

37.     By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

38.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information.  All transcripts, depositions, exhibits, and other documents and things filed or received with the court containing Confidential Information, or any pleading purporting to reproduce or paraphrase such information, shall be filed in compliance with Civil Local Rule 79-5, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Matter, with a description of the contents of such sealed envelope or container, and the legend "Confidential."  Any Party submitting any Confidential Information to the court shall request that the court maintain such Confidential Information under seal; provided, however, that the Designating Party shall bear the burden of defending such designation if challenged.  **Good cause for the under seal filing must be shown.**  If a Receiving Party's request to file Confidential Information under seal is denied by the court, then the Receiving Party

12                                    [PROPOSED] PROTECTIVE ORDER

1   may file the information in the public record unless otherwise instructed by the

2   court.

3        39.    The Parties agree that they shall be bound by this Stipulation upon

4   signing by counsel and shall protect any and all Confidential Information and

5   Protected Material as provided herein even if this Stipulation is not approved by the

6   court.  In the event that the court denies approval of this Stipulation as submitted,

7   any Party receiving Confidential Information and Protected Material shall within

8   thirty (30) days, at the election of the Receiving Party, either destroy or return all

9   Confidential Information and Protected Material to the Producing Party as provided

10  in Paragraph 33 herein and shall confirm in writing that the materials that have been

11  returned or destroyed constitute all the Confidential Information, including copies

12  thereof, in that Party's possession, custody or control.

13        IT IS SO STIPULATED.

14  Dated:  October 23, 2014              BARON & BUDD, P.C.

15                                        By:   /s/ Mark Pifko
16                                        Mark Pifko

17                                        Daniel Alberstone (SBN 105275)
                                          dalberstone@baronbudd.com
18                                        Roland Tellis (SBN 186269)
                                          rtellis@baronbudd.com
19                                        Mark Pifko (SBN 228412)
                                          mpifko@baronbudd.com
20                                        Michael Isaac Miller (SBN 266459)
                                          imiller@baronbudd.com
21                                        Baron & Budd, P.C.
                                          15910 Ventura Boulevard , Suite 1600
22                                        Encino, California  91436
                                          Telephone:   (818) 839-2333
23                                        Facsimile:    (818) 986-9698

24

25

26

27

28

                                   13                [PROPOSED] PROTECTIVE ORDER

1   Philip F. Cossich, Jr.
    (to be admitted *pro hac vice*)
2   David A. Parsiola
    (to be admitted *pro hac vice*)
3   Cossich, Sumich, Parsiola & Taylor, L.L.C.
    8397 Highway 23, Suite 100
4   Belle Chasse, Louisiana 70037
    Telephone:  (504) 394-9000
5   Facsimile:   (504) 394-9110

6   Attorneys for Plaintiff MARY LOU VEGA,
    individually, and on behalf of other members
7   of the public similarly situated
    O'MELVENY & MYERS LLP
    Dated:  October 23, 2014
8

9   By:   /s/ Catalina Vergara
    Catalina Vergara
10
    Elizabeth L. McKeen (SBN 105275)
11  emckeen@omm.com
    Catalina Vergara (SBN 223775)
12  cvergara@omm.com
    Ashley M. Pavel (SBN 267514)
13  apavel@omm.com
    O'MELVENY & MYERS LLP
14  610 Newport Center Drive, 17th Floor
    Newport Beach, CA 92660-6429
15  Telephone:  (949) 823-6900
    Facsimile:   (949) 823-6994
16
    Attorneys for Defendants
17  OCWEN FINANCIAL CORPORATION and
    OCWEN LOAN SERVICING, LLC
18

19

20

21

22

23

24

25

26

27

28

14                    [PROPOSED] PROTECTIVE ORDER

Local Rule 5-4.3.4 Attestation

I attest that Ocwen's counsel, O'Melveny & Myers LLP, concurs in this filing's content and has authorized the filing.

DATED:  October 23, 2014            BARON & BUDD, P.C.


                                    By:   /s/Mark Pifko
                                          Mark Pifko


## **ORDER**

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: October 24, 2014

_____
Honorable Hon. Paul L. Abrams
United States Magistrate Judge

[PROPOSED] PROTECTIVE ORDER

**EXHIBIT A**

*Mary Lou Vega v. Ocwen Financial Corp., et al.*

**Central District of California**

**Case No. 2:14-cv-04408-ODW-PLA**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, declare that my address is

_____.

My current employer is _____ and my occupation is

_____.

1.      I have received a copy of the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the above-captioned action.  I have carefully read and understand the provisions of the Stipulated Protective Order.

2.      I will comply with and be bound by all of the provisions of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protected Order to any person or entity except in strict compliance with the provisions of this Stipulated Protected Order.

3.      Promptly upon termination of this action, I will return any CONFIDENTIAL materials that may come into my possession to the outside attorneys representing my employer or the attorneys who furnished those documents to me.

4.      I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Stipulated Protective Order in this action, even if such enforcement proceedings occur after termination of this action.

1      5.     I hereby appoint _____ [print or type full

2 name] of _____

3 _____ [print or type full address and telephone

4 number] as my California agent for service of process in connection with this action

5 or any proceedings related to enforcement of this Stipulated Protective Order.

6

7 I declare under penalty of perjury that the foregoing is true and correct.

8

9 Dated: _____     Signature: _____

10

11                                        Print Name: _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

          [PROPOSED] PROTECTIVE ORDER