ELIZABETH L. MCKEEN (S.B. #216690)
emckeen@omm.com
CATALINA J. VERGARA (S.B. #223775)
cvergara@omm.com
ASHLEY M. PAVEL (S.B. #267514)
apavel@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California  92660-6429
Telephone:   (949) 823-6900
Facsimile:   (949) 823-6994

Attorneys for Defendants
Ocwen Financial Corporation and
Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LOU VEGA, individually, and on behalf of other members of the public similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OCWEN FINANCIAL CORPORATION, a Florida corporation, and OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No. 2:14-cv-04408-ODW-PLA<br><br>**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT** |

**TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD HEREIN:**

Defendants Ocwen Financial Corporation ("OFC") and Ocwen Loan Servicing, LLC ("OLS") (collectively, "defendants") hereby answer and otherwise respond to plaintiff Mary Lou Vega's Class Action Complaint.

## NATURE OF THE ACTION

1.     Ocwen denies the allegations in Paragraph 1 in their entirety, and specifically denies that it has engaged in any fraudulent practices.

2.     Defendants admit that when borrowers become delinquent on their mortgage loan payments, OLS orders inspections of the secured properties in order to protect the lenders' interests.  Defendants further admit that property inspections are conducted by third parties.  Defendants specifically deny that OLS assesses fees for unnecessary property inspections.  Defendants deny any remaining allegations in Paragraph 2 except as specifically admitted herein.

3.     Defendants admit that Altisource was spun off from OFC in 2009. Defendants deny all remaining allegations in Paragraph 3 except as specifically admitted herein.

4.     Paragraph 4 states no factual allegations as to defendant, and therefore no response is required.  To the extent a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of the claims and on that ground deny them.

5.     The first sentence of Paragraph 5 states no factual allegations as to defendants, and thus no response is required.  To the extent a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of the claims and on that ground deny them.  As to the remainder of Paragraph 5, OFC's 2013 Form 10-K speaks for itself, and defendants deny any characterization inconsistent therewith.

6.     OFC's 2013 Form 10-K speaks for itself, and defendants deny any characterization inconsistent therewith.

7.    OFC's 2013 Form 10-K speaks for itself, and defendants deny any characterization inconsistent therewith.

8.    The first sentence of Paragraph 8 states no factual allegations as to defendants, and therefore no response is required.  To the extent a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of the claim in the first sentence of Paragraph 8.  Defendants deny the allegations in the second sentence of Paragraph 8.  The third sentence of Paragraph 8 states no factual allegations as to defendants, and thus no response is required.  Defendants deny any allegations in Paragraph 8.

9.    Defendants admit that when borrowers become delinquent on their mortgage loan payments, OLS orders inspections of the secured properties in order to protect the lenders' interests.  Defendants deny all remaining allegations in Paragraph 9 except as specifically admitted herein.

10.    Defendants admit that when borrowers become delinquent on their mortgage loan payments, OLS orders inspections of the secured properties in order to protect the lenders' interests.  Defendants further admit that OLS assesses fees to borrowers' accounts consistent with the terms of the governing loan documents, investor agreements, and applicable legal requirements.  Defendants deny all remaining allegations in Paragraph 10, and specifically deny that defendants assess or collect "unnecessary" fees, or have engaged in any conduct that was "unlawful."

11.    Defendants deny the allegation in the first sentence of Paragraph 11.  As to the remainder of the allegations in Paragraph 11, the ruling of the United States Bankruptcy Court for the Southern District of Texas, issued in a proceeding to which defendants were not parties, speaks for itself and defendants deny any characterization inconsistent therewith.

12.    Paragraph 12 states no factual allegations as to defendants and therefore no response is required.  To the extent Paragraph 12 makes any allegations as to defendants, defendants deny these allegations in their entirety.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

13.    Because no class has been certified, defendants deny all allegations in Paragraph 13 to the extent they relate to a purported class.  The remainder of Paragraph 13 purports to set forth a description of the relief plaintiff seeks in this action to which no response is required.  To the extent a response is required, defendants deny all remaining allegations in Paragraph 13 and specifically deny that defendants have engaged in any wrongdoing or unlawful conduct and further deny that plaintiff is entitled to the relief she seeks in this action.

## JURISDICTION AND VENUE

14.    Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, defendants state that because there is no class certified, defendants deny the allegations in Paragraph 14 to the extent they relate to a "Class."  Defendants admit that the amount in controversy in this action exceeds $5,000,000.00.  Defendants further admit that there are more than 100 members of plaintiff's purported class.  Defendants deny that the requirements for class certification under Rule 23 (or any other rule) can be met in this case and that plaintiff or any putative class members have suffered any injuries as a result of any alleged conduct by defendants.  Defendants lack information or belief sufficient to answer the remaining allegations of Paragraph 14 and on that ground deny the allegations.

15.    Paragraph 15 states legal conclusions to which no response is required.

16.    Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, defendants admit that venue is proper in the United States District Court for the Central District of California.

## PARTIES

17.    Paragraph 17 states no factual allegations as to defendants and therefore no response is required.  To the extent a response is required, defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, and on that basis deny them.

3

1      18.    Defendants admit the facts stated in Paragraph 18.

2      19.    Defendants admit the allegations in the first sentence of Paragraph 19.

3  As to the second sentence of Paragraph 19, defendants admit that OLS conducts

4  business in this District related to some of the activities at issue in this case.

5  Defendants admit the allegations in the third and fourth sentences in Paragraph 19.

6  Defendants deny all remaining allegations in Paragraph 19 except as specifically

7  admitted herein.

8      20.    To the extent Paragraph 20 purports to explain the allegations plaintiff

9  makes throughout the complaint, no response is required.  Defendants deny that

10  they are engaged in an "enterprise."  Defendants deny the allegations of Paragraph

11  20, except as specifically admitted herein.

12      21.    Paragraph 21 states legal conclusions to which no response is required.

13  To the extent that a response is required, defendants deny the allegations in

14  Paragraph 21.

15      22.    Defendants deny the allegations in Paragraph 22 and specifically deny

16  that they have engaged in any "fraudulent scheme."

17                    **FACTUAL BACKGROUND**

18      23.    Paragraph 23 states no factual allegations as to defendants and therefore

19  no response is required.  To the extent a response is required, defendants are

20  without sufficient information or belief to admit or deny the allegations in

21  Paragraph 23, and on that basis deny them.

22      24.    Paragraph 24 states no factual allegations as to defendants and therefore

23  no response is required.  To the extent a response is required, defendants are

24  without sufficient information or belief to admit or deny the allegations in

25  Paragraph 24, and on that basis deny them.

26      25.    Paragraph 25 states no factual allegations as to defendants and therefore

27  no response is required.  To the extent a response is required, defendants are

28  without sufficient information or belief to admit or deny the allegations in

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

1   Paragraph 25, and on that basis deny them.

2       26.   Defendants admit that OLS services mortgage loans in accordance with

3   its agreements with investors, and that in its capacity as a loan servicer, it assesses

4   fees to borrowers' accounts consistent with the terms of the governing loan

5   documents, investor agreements, and applicable legal requirements.  Defendants

6   deny all remaining allegations in Paragraph 26, and specifically deny that

7   defendants assess or collect "unnecessary" fees.

8       27.   Paragraph 27 states no factual allegations as to defendants and therefore

9   no response is required.  To the extent a response is required, the statement of Sarah

10  Bloom Raskin speaks for itself, and defendants deny any characterization

11  inconsistent therewith.

12      28.   Defendants admit that OLS services residential mortgage loans,

13  including, but not limited to, non-prime loans.  Defendants deny all remaining

14  allegations in Paragraph 28.

15      29.   Defendants admit that its servicing portfolio has grown from 351,595

16  residential loans with an aggregate UPB of $50.0 billion as of December 31, 2009

17  to 2,861,918 residential loans with an aggregate UPB of $464.7 billion as of

18  December 31, 2013.  Defendants deny all remaining allegations in Paragraph 29

19  except as specifically admitted herein.

20      30.   Defendants lack sufficient information to admit or deny the allegation

21  in the first sentence of paragraph 30, and on that basis deny them.  Defendants

22  admit the allegations in the second and third sentences of Paragraph 30.

23      31.   Defendants lack sufficient information to admit or deny whether

24  Benjamin Lawsky made the statements attributed to him in Paragraph 31, and on

25  that basis deny the allegations in Paragraph 31.

26      32.   Defendants deny the allegations in Paragraph 32 in their entirety.

27      33.   Defendants deny the allegations in Paragraph 33 in their entirety.

28      34.   Paragraph 34 states no factual allegations as to defendants and therefore

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

no response is required.  To the extent a response is required, defendants deny the allegations in Paragraph 34.

### OCWEN'S AUTOMATED LOAN SERVICING PRACTICES

35.   Defendants admit that OLS uses proprietary software to facilitate its servicing of mortgage loans in accordance with the loan documents, applicable legal and investor requirements, and OLS's policies and procedures.  Defendants deny any remaining allegations in Paragraph 35.

36.   Defendants admit the facts alleged in Paragraph 36.

37.   Defendants admit the allegations in the first sentence of Paragraph 37. Defendants admit that William C. Erbey is the Executive Chairman of the Board of OFC and admit that as of December 31, 2013, William C. Erbey owned or controlled approximately 13% of the common shares in OFC.  Defendants admit that William C. Erbey became Altisource's non-executive Chairman of the Board. Defendants deny the allegations of Paragraph 37, except as specifically admitted herein.

38.   Paragraph 38 states no factual allegations as to defendants and therefore no response is required.  To the extent a response is required, defendants admit that Altisource's 2012 Form 10-K, which speaks for itself, states that Mr. Erbey owns approximately 23% of Altisource's common stock as December 31, 2012, and that it lists Mr. Erbey as one among multiple "directors, executives or key personnel," the loss of whose services "could have a material adverse effect upon [Altisource's] business, operating results and financial condition."  As to any remaining allegations in Paragraph 38, defendants lack sufficient information to form a belief as to the truth of those allegations, and on that basis deny them.

39.   Defendants deny the allegations in Paragraph 39 in their entirety.

40.   Altisource Portfolio Solutions S.A.'s 2012 Form 10-K speaks for itself and defendants deny any characterization inconsistent therewith.  Defendants deny all other allegations in Paragraph 40.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

41.     The February 26, 2014 letter quoted in Paragraph 41 speaks for itself and defendants deny any characterization inconsistent therewith.

42.     The February 26, 2014 letter quoted in Paragraph 42 speaks for itself and defendants deny any characterization inconsistent therewith.

43.     The February 26, 2014 letter quoted in Paragraph 43 speaks for itself and defendants deny any characterization inconsistent therewith.

44.     The February 26, 2014 letter quoted in Paragraph 44 speaks for itself and defendants deny any characterization inconsistent therewith.

45.     Defendants admit that OFC and Altisource Solutions S.à.r.l. are parties to a Services Agreement, the term of which continues until August 31, 2025.  As to the second sentence in Paragraph 45, defendants admit that Altisource Portfolio Solutions S.A.'s 2012 10-K form, which speaks for itself, states that "Ocwen accounted for 60% of our total revenue in 2012."  Defendants deny the allegations of Paragraph 45 except as specifically admitted.

46.     Defendants admit that OFC leases technology services from Altisource Solutions S.à r.l.  Defendants deny that the technology services are "identical to the technology platform provided by Ocwen Solutions."  Defendants admit all remaining allegations in Paragraph 46.

47.     Defendants admit that OLS uses computer systems to facilitate its servicing of mortgage loans, and that the systems contain parameters that are designed to comply with the applicable loan documents, legal and investor requirements, and OLS's policies and procedures.  Defendants deny all remaining allegations in Paragraph 47 except as specifically admitted herein.

48.     Defendants admit that OLS uses computer systems to facilitate the ordering, management, and payment of default-related services, including property inspections, in accordance with the loan documents, applicable legal and investor requirements, and OLS's policies and procedures.  Defendants admit that many default-related services, including property inspections, are performed by

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

third-party vendors.  Defendants admit that, when it is consistent with the loan documents and applicable legal requirements, it assesses fees for default-related services to borrowers' accounts.  Defendants deny all remaining allegations in Paragraph 48 except as specifically admitted herein.

49.   Defendants admit that OLS uses computer systems to facilitate the ordering, management, and payment of default-related services, including property inspections, in accordance with the loan documents, applicable legal and investor requirements, and OLS's policies and procedures.  Defendants deny all remaining allegations in Paragraph 49.

50.   Defendants admit that OLS orders property inspections at intervals prescribed by applicable investor guidelines.  Defendants deny all remaining allegations in Paragraph 50.

51.   Defendants admit that OLS's servicing of mortgage loans is governed by the terms of the applicable notes and security instruments.  The remainder of Paragraph 51 states legal conclusions to which no response is required.  To the extent a response is required, defendants deny all remaining allegations in Paragraph 51.  Defendants specifically deny any allegation that they indiscriminately order and bill for property inspections.

52.   The first sentence of Paragraph 52 states no factual allegations as to defendants and thus no response is required.  To the extent a response is required, defendants admit that in many instances the mortgage agreement consists of a promissory note and a mortgage or deed of trust, but defendants deny that this is true of all mortgage contracts.  Defendants deny the allegation in the second sentence of Paragraph 52.  Regarding the third sentence of Paragraph 52, any referenced contract speaks for itself, and defendants deny any characterization inconsistent therewith.

53.   Paragraph 53 does not identify the "Security Instrument" quoted in Paragraph 53, and defendants therefore lack sufficient information to admit or deny

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

1   the allegations in Paragraph 53, and on that basis deny them.  To the extent the

2   unidentified "Security Instrument" refers to a particular agreement, defendants state

3   that such agreement speaks for itself.

4       54.   Paragraph 54 does not identify the "Security Instrument" quoted in

5   Paragraph 54, and defendants therefore lack sufficient information to admit or deny

6   the allegations in Paragraph 54, and on that basis deny them.  To the extent the

7   unidentified "Security Instrument" refers to a particular agreement, defendants state

8   that the agreement speaks for itself.

9       55.   Paragraph 55 does not identify the "Note" quoted in Paragraph 55, and

10   defendants therefore lack sufficient information to admit or deny the allegations in

11   Paragraph 55, and on that basis deny them.  To the extent the unidentified "Note"

12   refers to a particular debt instrument, defendants state that such document speaks

13   for itself.  The remainder of Paragraph 55 states legal conclusions to which no

14   response is required.

15       56.   Defendants admit that on or about November 1, 2004, Fannie Mae

16   enacted Section 203.04 of its Single Family Servicing Guide, which speaks for

17   itself.  Defendants deny all remaining allegations in Paragraph 56.

18       57.   Defendants deny the allegations in Paragraph 57 in their entirety.

19       58.   Defendants admit that OLS orders property inspections when a

20   borrower becomes a certain number of days delinquent, as specified in applicable

21   investor guidelines.  Defendants deny all remaining allegations in Paragraph 58.

22       59.   Defendants admit that when a borrower becomes delinquent under a

23   mortgage loan, OLS may contact the borrower by telephone or by written

24   correspondence.  Defendants deny that this is the exclusive method by which a

25   property's occupancy status is determined.  Defendants admit that OLS uses a

26   software system to order and assess fees for property inspections where such

27   inspections are consistent with the loan documents, applicable legal and investor

28   requirements, and OLS's policies and procedures, all of which are programmed into

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

OLS's servicing software.  Defendants admit that OLS orders property inspections when a borrower becomes a certain number of days delinquent, as specified in applicable investor guidelines.  Defendants deny all remaining allegations in Paragraph 59.

60.    In response to the allegations in Paragraph 60, Defendants state that it is not their practice to assess property-inspection fees to multiple loan accounts in connection with the same property in a single month.  Defendants specifically deny the allegations in Paragraph 60 as to plaintiff's property.

61.    Defendants deny the allegations in Paragraph 61.

62.    Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations in Paragraph 62.

63.    Defendants deny the allegations in Paragraph 63.

## BORROWERS SUFFER HARM
## AS A RESULT OF OCWEN'S PRACTICES

64.    Defendants deny the allegations in the first sentence of Paragraph 64. Regarding the second sentence of Paragraph 64, defendants admit that the aggregate property-inspection fees OLS has assessed to plaintiff's account since it began servicing her mortgage loan exceeds one hundred dollars.  Defendants deny all remaining allegations in Paragraph 64 to the extent except as specifically admitted herein.

65.    Defendants admit that, in accordance with the loan documents and applicable legal and investor requirements, defendants order and assess fees for default-related services to borrowers' accounts.  Defendants state that the application of payments to particular amounts is governed by the borrower's loan documents.  Defendants deny all remaining allegations in Paragraph 65.

66.    Defendants admit that OLS reports the delinquency status of borrowers' loans to credit reporting agencies, consistent with the loan documents and

applicable legal requirements.  The remaining allegations in Paragraph 66 state legal conclusions to which no response is required.  To the extent a response is required, defendants deny all remaining allegations in Paragraph 66.

67.    Defendants deny the allegations in Paragraph 67 in their entirety.

## PLAINTIFF'S CLAIMS AGAINST OCWEN

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the claim in Paragraph 68.

69.    Defendants admit that plaintiff has a mortgage currently serviced by OLS.  Defendants deny any remaining allegations in Paragraph 69.

70.    Defendants deny the allegations in Paragraph 70 in their entirety.

71.    Defendants admit that OLS assessed twelve property-inspection fees to plaintiff's account between November 2012 and October 2013, for twelve property inspections performed.  Defendants lack sufficient information to admit or deny the allegation that plaintiff maintained "regular contact with Ocwen" because the complaint does not specify the meaning of "regular contact," and on that basis Defendants deny the allegation.  Defendants lack sufficient knowledge or information to confirm the truth of plaintiff's allegation that she "occupied the property during that entire time period," and on that basis deny the allegation.

72.    Defendants admit that an account statement dated January 17, 2013 included charges for two property-inspection fees assessed on January 10, 2013 and January 11, 2013.  Defendants deny that the corresponding inspections were conducted on "back-to-back" days.  Defendants state that the corresponding inspections were conducted on or about November 21, 2012 and December 20, 2012, respectively.  Defendants deny all remaining allegations in Paragraph 72 except as expressly admitted herein.

73.    Defendants admit the allegations in the first sentence of Paragraph 73. Defendants admit the allegation in the second sentence of Paragraph 73 that an account statement dated October 17, 2013 included charges for two

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

1   property-inspection fees assessed on September 24, 2013 and October 11, 2013.

2   Defendants deny that the corresponding inspections were conducted "within the

3   span of 17 days." Defendants assert that the corresponding inspections were

4   conducted on or about September 17, 2013 and October 9, 2013, respectively.

5       74.    Defendants admit that they do not provide investor guidelines to

6   borrowers in the ordinary course of their business. Defendants deny any remaining

7   allegations in Paragraph 74 except as specifically admitted herein.

8                    **STATUTE OF LIMITATIONS**

9       75.    Defendants deny the allegations in Paragraph 75 in their entirety.

10  Defendants further deny that the requirements for class certification under Fed. R.

11  Civ. P. 23 (or any other Rule) can be satisfied in this case.

12      76.    The first sentence of Paragraph 76 states a legal conclusion to which no

13  response is required. Defendants deny the second sentence of Paragraph 76 in its

14  entirety. Because there is no class certified, defendants further deny all allegations

15  in Paragraph 76 to the extent they relate to purported "members of the Class."

16  Defendants deny that the requirements for class certification under Fed. R. Civ. P.

17  23 (or any other Rule) can be satisfied in this case. Ocwen denies all remaining

18  allegations of Paragraph 76.

19      77.    Paragraph 77 states legal conclusions to which no response is required.

20  To the extent a response is required, defendants deny the allegations in Paragraph

21  77. Defendants further specifically deny that they fraudulently concealed material

22  facts or assessed unlawful fees. Because there is no class certified, defendants deny

23  all allegations in Paragraph 77 to the extent they relate to purported "members of

24  the Class." Defendants deny that the requirements for class certification under Fed.

25  R. Civ. P. 23 (or any other Rule) can be satisfied in this case.

26      78.    Paragraph 78 states no factual allegations as to defendants, and thus no

27  response is required. To the extent a response is required, defendants deny the

28  allegations in Paragraph 78.

79.     Paragraph 79 states no factual allegations as to defendants, and thus no response is required.  To the extent a response is required, the ruling of the United States Bankruptcy Court for the Eastern District of Louisiana, which was issued in a proceeding to which defendants were not parties, speaks for itself, and defendants deny any characterization inconsistent therewith.  To the extent Paragraph 79 may be construed as including any allegations against defendants, defendants deny the allegations in Paragraph 79.

## **PUTATIVE CLASS ACTION ALLEGATIONS**

80.     Defendants admit that plaintiff purports to seek certification of a class action.  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 80.

81.     Paragraph 81 purports to set forth a description of a putative class plaintiff seeks to certify, and thus no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 81.

82.     Paragraph 82 states no factual allegations as to defendants and thus no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 82.

83.     Paragraph 83 states no factual allegations as to defendants and thus no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 83.

84.     Paragraph 84 states legal conclusions to which no response is required.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Because no class has been certified, defendants further deny all allegations in Paragraph 84 to the extent they relate to a purported class.  Defendants deny any remaining allegations in Paragraph 84.

85.    Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Because no class has been certified, defendants further deny all allegations in Paragraph 85 to the extent they relate to a purported class.  Defendants deny any remaining allegations in Paragraph 85.

86.    Because there is no class certified, defendants deny all allegations in Paragraph 86 to the extent they relate to purported "members of the Class" or a purported class "notice."  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 86.

87.    Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, defendants deny that plaintiff's claims are "typical" of those of other putative class members, and deny that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.  Because no class has been certified, defendants further deny all allegations in Paragraph 87 to the extent they relate to a purported class.  Defendants deny all remaining allegations in Paragraph 87.

88.    Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, defendants deny that plaintiff will "fairly and adequately represent and protect the interests of" the putative class, and deny that a class may be properly certified under Fed. R. Civ. P. 23 or any other Rule.  Because no class has been certified, defendants further deny all allegations in Paragraph 88

1    to the extent they relate to a purported class.  Defendants deny all remaining

2    allegations in Paragraph 88.

3         89.    Paragraph 89 states legal conclusions to which no response is required.

4    To the extent a response is required, defendants deny that the requirements for class

5    certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this

6    case.  Because no class has been certified, defendants further deny all allegations in

7    Paragraph 89 to the extent they relate to a purported class.  Defendants deny any

8    remaining allegations in Paragraph 89.

9         90.    Paragraph 90 states legal conclusions to which no response is required.

10   To the extent a response is required, defendants deny that "common questions of

11   fact" exist as to the members of the putative class, and deny that the requirements

12   for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied

13   in this case.  Because no class has been certified, defendants further deny all

14   allegations in Paragraph 90 to the extent they relate to a purported class.

15   Defendants deny any remaining allegations in Paragraph 90.

16        91.    Paragraph 91 states legal conclusions as to which no response is

17   required.  To the extent a response is required, defendants deny that "[c]ommon

18   questions of law and fact exist as to" the members of the putative class, and deny

19   that the requirements for class certification under Fed. R. Civ. P. 23 (or any other

20   Rule) can be satisfied in this case.  Because no class has been certified, defendants

21   further deny all allegations in Paragraph 91 to the extent they relate to a purported

22   class.  Defendants deny any remaining allegations in Paragraph 91.

23        92.    Paragraph 92 states legal conclusions to which no response is required.

24   To the extent a response is required, defendants deny that the requirements for class

25   certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this

26   case.  Because no class has been certified, defendants further deny all allegations in

27   Paragraph 92 to the extent they relate to a purported class.  Defendants deny any

28   remaining allegations in Paragraph 92.

93.     Paragraph 93 states no factual allegations as to plaintiff and thus no response is required.  To the extent a response is required, defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants are without sufficient information or belief to admit or deny the remaining allegations in Paragraph 93, and on that basis deny them.

**FIRST CAUSE OF ACTION**

**BROUGHT ON BEHALF OF THE CALIFORNIA SUBCLASS**
**Violation of California's Unfair Competition Law**
**(California Business & Professions Code §§ 17200 *et seq.*)**

94.     Defendants incorporate each of the foregoing answering paragraphs as though fully set forth herein.

95.     Defendants admit that plaintiff purports to bring this cause of action on behalf of a putative class.  Defendants deny that the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this case.  Defendants deny any remaining allegations in Paragraph 95.

96.     The first sentence of Paragraph 96 states legal conclusions to which no response is required.  To the extent a response is required, defendants refer to Cal. Bus. & Prof. Code §§ 17200, *et seq.* and deny any characterization of law inconsistent therewith.  Defendants deny all remaining allegations in Paragraph 96.

97.     Defendants deny the first sentence of Paragraph 97.  Defendants are without sufficient information or belief to admit or deny the allegations in the second sentence of Paragraph 97, and on that basis deny them.  Because there is no subclass certified, defendants deny all allegations in Paragraph 97 to the extent they relate to a purported "California Subclass."

98.     Defendants deny the allegations in Paragraph 98 in their entirety.

99.     Defendants deny the allegations in Paragraph 99 in their entirety.

100.   Defendants deny the allegations in Paragraph 100 in their entirety.

101.   Paragraph 101 states legal conclusions to which no response is

16

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

1   required.  To the extent a response is required, defendants deny the allegations in

2   Paragraph 101.

3      102.  The first sentence of Paragraph 102 states legal conclusions to which no

4   response is required.  Defendants deny all remaining allegations in Paragraph 102.

5   Because there is no subclass certified, defendants deny all allegations in Paragraph

6   102 to the extent they relate to a purported "California Subclass."

7      103.  Defendants deny the allegation in Paragraph 103 in their entirety.

8   Because there is no subclass certified, defendants deny all allegations in Paragraph

9   103 to the extent they relate to a purported "California Subclass."

10      104.  Defendants deny the allegations in Paragraph 104 in their entirety.

11   Because there is no subclass certified, defendants deny all allegations in Paragraph

12   104 to the extent they relate to a purported "California Subclass."

13      105.  Defendants deny the allegations in Paragraph 105 in their entirety.

14   Because there is no subclass certified, defendants deny all allegations in Paragraph

15   104 to the extent they relate to a purported "California Subclass."

16      106.  Defendants admit that plaintiff purports to seek the relief stated in

17   Paragraph 106.  Because there is no subclass certified, defendants deny all

18   allegations in Paragraph 106 to the extent they relate to a purported "California

19   Subclass" and deny any remaining allegations in Paragraph 106.  Defendants deny

20   that plaintiff is entitled to any relief.

21                  **SECOND CAUSE OF ACTION**

22     **Violations of the Racketeer Influenced and Corrupt Organizations Act**
**(18 U.S.C. § 1962(c))**

23

24      107.  Defendants incorporate each of the foregoing answering paragraphs as

25   though fully set forth herein.

26      108.  Defendants admit that plaintiff purports to bring this cause of action on

27   behalf of a putative class.  Defendants deny that the requirements for class

28   certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

1    case.  Defendants deny any remaining allegations in Paragraph 108.

2    <u>**THE ENTERPRISE**</u>

3    109.  Paragraph 109 states a legal conclusion to which no response is

4    required.  To the extent a response is required, defendants refer to 18 U.S.C. §

5    1961(3) and deny any characterization of law inconsistent therewith.

6    110.  Defendants deny the allegations in Paragraph 110 in their entirety.

7    111.  Defendants deny the allegations in Paragraph 111 in their entirety.

8    112.  Defendants admit that, consistent with the loan documents, OLS orders

9    inspections of certain properties securing loans serviced by OLS, and that OLS

10    places an order for those inspections with Altisource, who, upon information and

11    belief, contracts with a vendor to perform the inspection.  Defendants admit that

12    there are agreements between Defendants and Altisource and between Altisource

13    and the vendors that perform property inspections.  Defendants deny all remaining

14    allegations in Paragraph 112.

15    113.  Defendants deny the allegations in Paragraph 113 in their entirety.

16    114.  Defendants deny the allegations in Paragraph 114 in their entirety.

17    115.  Defendants admit that OLS uses a software system to order property

18    inspections from Altisource where such inspections are consistent with the loan

19    documents, applicable legal and investor requirements, and OLS's policies and

20    procedures, all of which are programmed into OLS's servicing software.

21    Defendants deny any remaining allegations in Paragraph 115.

22    116.  Defendants admit that after a property inspection is completed, where

23    the assessment of fees is consistent with the loan documents, applicable legal and

24    investor requirements, and OLS's policies and procedures, all of which are

25    programmed into OLS's servicing software, a fee is assessed to the borrower's

26    account.  Defendants deny any remaining allegations in Paragraph 116.

27    117.  Defendants deny the allegations in Paragraph 117 in their entirety.

28    118.  Defendants admit that in cases where the investor in a loan is a

government-sponsored enterprise ("GSE"), OLS's policies and procedures for ordering and assessing fees for property inspections are consistent with applicable GSE servicing guidelines.  Defendants specifically deny that the investor in plaintiff's loan is a GSE and specifically deny that plaintiff's loan is subject to GSE servicing guidelines.  Defendants deny any remaining allegations in Paragraph 118.

119.  Paragraph 119 states legal conclusions to which no response is required.  To the extent a response is required, defendants refer to Fannie Mae's Single Family Servicing Guide and deny any characterization inconsistent therewith.  Defendants specifically deny that the servicing of plaintiff's mortgage loan is governed by Fannie Mae's Single Family Servicing Guide.  Defendants deny any remaining allegations in Paragraph 119.

120.  Paragraph 120 states legal conclusions to which no response is required.  To the extent a response is required, defendants state that the mortgages and notes speak for themselves.  Defendants specifically deny that all of the mortgage loans serviced by OLS are governed by a "uniform mortgage note instrument."  Defendants deny any remaining allegations in Paragraph 120.

121.  Defendants admit OLS orders inspections of properties securing the mortgages it services consistent with the terms of the governing loan documents and applicable investor and legal requirements.  Defendants deny any remaining allegations in Paragraph 121.

122.  Defendants deny the allegations in Paragraph 122 in their entirety.

## THE PREDICATE ACTS

123.  Defendants deny the allegations in Paragraph 123 in their entirety.

124.  Defendants deny the allegations in Paragraph 124 in their entirety.

125.  Defendants deny the allegations in Paragraph 125 in their entirety.

126.  Defendants deny the allegations in Paragraph 126 in their entirety.

127.  Defendants deny the allegations in Paragraph 127 in their entirety.

128.  Defendants deny the allegations in Paragraph 128 in their entirety.

1    Because there is no class certified, defendants further deny all allegations in

2    Paragraph 128 to the extent they relate to purported "members of the Class."

3    Defendants deny that the requirements for class certification under Fed. R. Civ. P.

4    23 (or any other Rule) can be satisfied in this case.

5          129.  Defendants deny the allegations in Paragraph 129 in their entirety.

6          130.  Defendants deny the allegations in Paragraph 130 in their entirety.

7          131.  Defendants deny the allegations in Paragraph 131 in their entirety.

8          132.  Defendants deny the allegations in Paragraph 132 in their entirety.

9          133.  Defendants deny the allegations in Paragraph 133 in their entirety.

10   Because there is no class certified, defendants deny all allegations in Paragraph 133

11   to the extent they relate to purported "members of the Class."  Defendants deny that

12   the requirements for class certification under Fed. R. Civ. P. 23 (or any other Rule)

13   can be satisfied in this case.

14         134.  Defendants deny the allegations in Paragraph 134 in their entirety.

15         135.  Defendants deny the allegations in Paragraph 135 in their entirety.

16         136.  Defendants deny the allegations in Paragraph 136 in their entirety.

17   Because there is no class certified, defendants further deny all allegations in

18   Paragraph 136 to the extent they relate to purported "members of the Class."

19   Defendants deny that the requirements for class certification under Fed. R. Civ. P.

20   23 (or any other Rule) can be satisfied in this case.  Defendants deny that plaintiff is

21   entitled to any relief.

22   ### THIRD CAUSE OF ACTION

23   **Violation of the Racketeer Influenced and Corrupt Organizations Act,
     Conspiracy to Violate Title 18 United States Code section 1962(c)**

24   **(18 U.S.C. § 1962(d))**

25         137.  Defendants incorporate each of the foregoing answering paragraphs as

26   though fully set forth herein.

27         138.  Defendants admit that plaintiff purports to bring this cause of action on

28   behalf of a putative class.  Defendants deny that the requirements for class

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

1  certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this

2  case.  Defendants deny any remaining allegations in Paragraph 138.

3       139.  Defendants deny the allegations in Paragraph 139 in their entirety.

4       140.  Defendants deny the allegations in Paragraph 140 in their entirety.

5       141.  Defendants deny the allegations in Paragraph 141 in their entirety.

6  Because there is no class certified, defendants further deny all allegations in

7  Paragraph 141 to the extent they relate to purported "members of the Class."

8  Defendants deny that the requirements for class certification under Fed. R. Civ. P.

9  23 (or any other Rule) can be satisfied in this case.

10  **FOURTH CAUSE OF ACTION**

11  **BROUGHT ON BEHALF OF THE CALIFORNIA SUBCLASS**

12  **Violations of the Rosenthal Fair Debt Collection Practices Act**
   **(California Civil Code §§ 1788, et seq.)**

13

14       142.  Defendants incorporate each of the foregoing answering paragraphs as

15  though fully set forth herein.

16       143.  Defendants refer to California Civil Code § 1788.2(c) and deny any

17  characterization of law inconsistent therewith.  Defendants specifically deny that

18  plaintiff made mortgage payments to defendants and deny that defendants accepted

19  any amounts from her.  Because there is no subclass certified, defendants deny all

20  allegations in Paragraph 143 to the extent they relate to a purported "California

21  Subclass."  Defendants deny any remaining allegations in Paragraph 143.

22       144.  Defendants refer to California Civil Code § 1788.2(d) and deny any

23  characterization of law inconsistent therewith.  Because there is no subclass

24  certified, defendants deny all allegations in Paragraph 144 to the extent they relate

25  to a purported "California Subclass."  Defendants deny any remaining allegations in

26  Paragraph 144.

27       145.  Defendants deny the allegations in Paragraph 145 in their entirety.

28       146.  Paragraph 146 states a legal conclusion to which no response is

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

1  required.

2     147.  Defendants deny the allegations of Paragraph 147 in their entirety.

3     148.  Defendants deny the allegations of Paragraph 148 in their entirety.

4  Because there is no subclass certified, defendants specifically deny all allegations in

5  Paragraph 148 to the extent they relate to a purported "California Subclass."

6  Defendants specifically deny that plaintiff is entitled to relief.

7     149.  Defendants deny the allegations in Paragraph 149 in their entirety.

8  Because there is no subclass certified, defendants specifically deny all allegations in

9  Paragraph 149 to the extent they relate to a purported "California Subclass."

10  Defendants specifically deny that plaintiff is entitled to relief.

11  ### FIFTH CAUSE OF ACTION

12  ### Unjust Enrichment

13     150.  Defendants incorporate each of the foregoing answering paragraphs as

14  though fully set forth herein.

15     151. - 157.  On December 1, 2014, the Court entered an Order (Dkt. No. 50)

16  dismissing plaintiff's unjust enrichment claim with prejudice.  As the allegations

17  contained in Paragraph 151 through 157 of the Complaint relate to a claim already

18  dismissed by the Court, Defendants are not obligated to respond to such allegations.

19  ### SIXTH CAUSE OF ACTION

20  ### Fraud

21     158.  Defendants incorporate each of the foregoing answering paragraphs as

22  though fully set forth herein.

23     159.  Defendants admit that plaintiff purports to bring this cause of action on

24  behalf of a putative class.  Defendants deny that the requirements for class

25  certification under Fed. R. Civ. P. 23 (or any other Rule) can be satisfied in this

26  case.  Defendants deny any remaining allegations in Paragraph 159.

27     160.  Defendants lack information or belief sufficient to answer the

28  allegations regarding plaintiff's alleged state of mind, and on that ground deny the

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

allegations.  Defendants deny all remaining allegations in Paragraph 160.

161.   Defendants specifically deny the allegation in Paragraph 161 that plaintiff paid any fees to defendants.  Defendants lack information or belief sufficient to answer the allegations regarding plaintiff's alleged state of mind, and on that ground deny the allegations.  Defendants deny all remaining allegations in Paragraph 161 and specifically deny that any fees charged were unnecessary.

162.   Defendants deny the allegations in the first sentence of Paragraph 162.  Defendants lack information or belief sufficient to answer the allegations in the second sentence of Paragraph 162 regarding plaintiff's alleged state of mind and on that ground deny the allegations.  Because no class is certified, defendants further deny the allegations in Paragraph 162 to the extent they relate to "member[s of the Nationwide Class."  Defendants deny all remaining allegations in Paragraph 162.

163.   Defendants deny the allegations in Paragraph 163.

164.   The Deny the allegations in Paragraph 164 in their entirety.  Because no class is certified, defendants further deny the allegations in Paragraph 164 to the extent they relate to "members of the Nationwide Class."

165.   Defendants deny the allegations in Paragraph 165 in their entirety.

166.   Defendants deny the allegations in Paragraph 166.  Because no class is certified, defendants further deny the allegations in Paragraph 166 to the extent they relate to "member[s] of the Nationwide Class."  Defendants deny that plaintiff is entitled to relief.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that a class or subclass may be properly certified under Fed. R. Civ. P. 23 or any other rule and further deny that plaintiff is entitled to any of the relief requested or to any judgment, damages, fees, or other relief whatsoever, including the relief requested in subsections (1)–(10).

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiff lacks standing.  In particular, plaintiff's RICO claims are barred because she has not suffered any "injury to business or property" required for statutory standing under RICO, and her UCL claim is barred because she has not "lost money or property as a result of the unfair competition" of which she complains.

### FOURTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine to the extent that plaintiff made any payment to defendants.

### FIFTH AFFIRMATIVE DEFENSE

### (Consideration)

Plaintiff's claims are barred, in whole or in part, because to the extent plaintiff made any payment to defendants, such payment was in exchange for fair consideration.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Conditions Precedent)

Plaintiff's claims are barred, in whole or in part, by the failure of plaintiff to satisfy statutory, contractual, and/or common law conditions precedent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Negligence and Acts)

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff's own negligent, careless, and/or intentional acts caused and/or contributed to plaintiff's alleged injuries and/or damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent and Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and acquiescence.

## NINTH AFFIRMATIVE DEFENSE

### (Ratification, Waiver, and Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, waiver, and estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands and similar rules requiring plaintiff to come in equity to obtain relief.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred because the grant of any relief to plaintiff would result in her unjust enrichment at defendants' expense.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Disclosure)

Plaintiff's claims are barred, in whole or in part, because all material facts relating to the conduct alleged in the Complaint were disclosed and available to plaintiff at all relevant times.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Likely to Mislead)

Plaintiff's claims are barred, in whole or in part, because defendants' practices alleged in the Complaint were not likely to mislead and, in fact, did not mislead plaintiff or any other individuals.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

The claims and causes of action asserted against defendants are barred because at all times defendants acted in good faith and in conformity with all rules, regulations, and interpretations of law relevant to the claims, and to the extent any purported statutory violation occurred, it resulted notwithstanding defendants' maintenance of procedures reasonably adapted to avoid any such violation.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Statutes, Laws, Regulations, and Guidelines)

Plaintiff's claims are barred, in whole or in part, by reason of defendants' compliance with applicable statutes, laws, regulations, and guidelines.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Enterprise)

Plaintiff's RICO claims are barred because plaintiff cannot establish the existence of an enterprise, or that defendants participated in or were associated with any enterprise, required to find liability under the RICO statute.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Racketeering Activity)

Plaintiff's RICO claims are barred because plaintiff cannot establish a pattern of racketeering activity required to find liability under the RICO statute.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Vagueness)

The RICO statute is unconstitutionally vague in that it fails to provide adequate standards by which defendants may determine whether their conduct is unlawful.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Third Parties)

Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged damages and/or injury were proximately and solely caused by the acts or omissions of third parties for whose conduct defendants are not responsible and/or who acted outside the scope of the authority granted to them.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

Plaintiff is barred from bringing this action, in whole or in part, by the doctrine of offset.

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff's claims are barred because she has not sustained any injury or damage as a result of the matters averred in the Complaint, and defendants did not proximately cause any damages alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Damages Speculative)

Plaintiff's alleged damages are speculative or uncertain and, therefore, not compensable, in whole or in part.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for injunctive relief and/or for restitution are barred because plaintiff has an adequate remedy at law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to mitigate her damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Indispensable Parties)

Other parties not named in the Complaint may be indispensable parties to the action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

Imposition of treble or punitive damages against defendants would violate provisions of the United States Constitution, including, without limitation, the Due Process Clause of the Fifth Amendment and the Excessive Fines Clause of the Eight Amendment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Defenses to Claims of Absent Putative Class Members)

The claims of absent putative class members are barred by some or all of the defenses asserted above that bar plaintiff's claims. In the event that any attempt is made to certify a class in this action, defendants reserve the right to identify and advance any further affirmative defenses that may be appropriate.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any additional affirmative defenses that may arise as discovery progresses or otherwise in the course of litigation.

## PRAYER

WHEREFORE, defendants pray that this Court enter a judgment in favor of defendants such that plaintiff takes nothing by her Complaint.

Dated:  December 15, 2014

ELIZABETH L. MCKEEN
CATALINA J. VERGARA
ASHLEY M. PAVEL
O'MELVENY & MYERS LLP

By:    /s/ Catalina J. Vergara
        Catalina J. Vergara

Attorneys for Defendants
Ocwen Financial Corporation and
Ocwen Loan Servicing, LLC

DEFENDANTS' ANSWER TO CLASS
ACTION COMPLAINT - NO. 2:14-CV-04408